# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**ALEJO MALDONADO-MEDINA**
    **Petitioner**

    **v.**

**J. A. GARCIA, Warden**
    **Respondent**

**Civil No. 97-1841 (DRD)**

---

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

    This matter was referred to the undersigned for a Report and Recommendation on the disposition of the pending motions (**Docket No. 19**). Petitioner, Alejo Maldonado-Medina (Maldonado), an inmate at FCI-Butner, North Carolina, formerly incarcerated at MDC-Guaynabo, Puerto Rico, filed on July 7, 1997, a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (**Docket No. 1**). Maldonado asks the Court to order the Parole Commission to grant him an earlier release date than his mandatory release date of December 8, 2006, based on credits earned by Maldonado which, if applied, lower his presumptive release date. Before the undersigned is the petition and supporting memorandum, supplemental documentation, motion to dismiss, response, reply and supplemental reply and supporting exhibits (**Docket Nos. 1, 8, 11, 13, 16, 17, 18**).

    The respondent moves to dismiss the petition on the bases that this court lacks jurisdiction and that Maldonado's substantive claims are merit less (**Docket Nos. 13 and 17**).



## I.    FACTS

Maldonado is currently incarcerated at FCI-Butner, serving two consecutive 20-year sentences after a jury convicted him of one-count of conspiracy and a second count of obstructing, delaying and affecting commerce by extortion in the District of Puerto Rico, Criminal Case No. 82-196(GG). *United States v. Maldonado*, 570 F. Supp. 853 (D.P.R. 1983). He was subsequently indicted and pled guilty in two additional criminal cases (Criminal Nos. 86-610 and 86-358), receiving a twenty-year term of imprisonment in each case to be served concurrent with his sentences in Case No. 82-196(GG). The concurrent two twenty-year sentences have been served.

Maldonado appeared before the examiners of the United States Parole Commission on January 10, 1997. The Parole Commission issued a Notice of Action wherein it determined that Maldonado would continue to be incarcerated and no advanced parole was allowed (**Docket No. 6**, Ex. 4). The Parole Commission rated Maldonado's offense behavior as a Category Eight severity because it involved racketeering, extortion and murder; his salient factor score was ten. *Id*. After all factors and information were presented, it was determined that more than 48 months above the minimum guidelines (100+ months) was warranted because of the ongoing criminal involvement for more than ten years in which Maldonado, a police officer, was involved in corruption and the commission of multiple criminal acts. *Id*. On February 7, 1997, Maldonado appealed the decision to the National

Appeals Board which on April 18, 1997, affirmed the decision and responded that the specific mitigating circumstances Maldonado proposed as reasons for a more lenient decision were considered but were not seen as reason for reduction of Maldonado's presumptive release date (**Docket No. 4**, Ex. 1).

Maldonado contends that the Parole Commission's decision in refusing to set an earlier presumptive release date than the mandatory release date is contrary to law in that the Parole Commission ignored its own regulations and failed to apply sections which authorized the Commission to grant credits to Maldonado which would have lowered his presumptive release date (**Docket No. 8**). Maldonado specifically supports his petition under 28 C.F.R. §§ 2.14(a)(2), 2.26(e), 2.60, and 2.63. Maldonado further argues that in not applying its regulations nor in explaining its decision and in not granting Maldonado time credits authorized, the Parole Commission's decision is arbitrary, constitutes an abuse of discretion and is otherwise contrary to law. *Id.* More particularly, Maldonado believes that he falls within the ambit of the superior program achievement and is entitled to an earlier presumptive release date in sentence because of same. Maldonado further states that 28 C.F.R. 2.14(a)(2)(ii) mandates that a presumptive release date "shall be advanced" as set forth in 28 C.F.R. 2.60[1] and the Parole Commission's failure to allow an early release is capricious and constitutes an abuse of discretion.

---

[1] Title 28 C.F.R. § 2.60 provides that prisoners who demonstrate superior program achievement (in addition to a good conduct record may be considered for a limited advancement of their presumptive release date.

Maldonado asks the Court to grant him a 42.2 month reduction in his presumptive release date based on his superior program achievement and exemplary conduct throughout approximately twenty (20) years of imprisonment (**Docket No. 8**).

Maldonado also contends that the Parole Commission failed to apply 28 C.F.R. § 2.63 which provides that the Parole Commission may consider as criteria in advancing parole eligibility, whether the inmate or individual has provided substantial assistance to authorities in the prosecution of other offenders and whether the individual has provided information critical to prison security. Maldonado asserts that he satisfies both criteria and contends that his cooperation warrants a reduction exceeding one year in his presumptive release date. Maldonado advises and clarifies for the Court the fact that he is not appealing from the denial of parole by the Parole Commission, but its failure to apply its own guidelines and regulations in establishing a presumptive release date.

## II.    ANALYSIS

### A. Jurisdiction

The record reflects that Maldonado's petition under § 2241 was filed, *pro se*, on May 27, 1997 (**Docket No. 1**).  The Court on June 11, 1997, ordered the dismissal of said petition under the assumption that petitioner had not exhausted administrative remedies as required by law (**Docket No. 3**).  Nonetheless, the Order of Dismissal was vacated on August 17, 1997, inasmuch as the Court was provided evidence establishing that administrative procedures had been exhausted.

Accordingly, Maldonado's petition was reinstated and counsel was appointed to represent the petitioner herein (**Docket No. 5**). The record also reflects that for some unexplained reason, neither petitioner or court-appointed counsel took action in this case until June 26, 2000, when counsel filed his Memorandum of Law in Support of Petition for Habeas Corpus (**Docket Nos. 7 and 8**).

It appears, as shown by the factual and legal memorandum on record, that between the filing of the § 2241 petition and the filing of the Memorandum, petitioner Maldonado was transferred from the Metropolitan Detention Center in Guaynabo, Puerto Rico (MDC), to a federal institution in the mainland.   Records within the Federal Bureau of Prison indicated that from September 21, 1994 until October 28, 1999, Maldonado was housed at MDC-Guaynabo[2] (**Docket No. 8**).

Respondent contends that Maldonado's petition should be dismissed because this Court lacks jurisdiction to entertain his claim.  Inasmuch as petitioner is actually housed in a different jurisdiction (North Carolina), respondent claims that this action "must be brought in the court which has jurisdiction over the prisoner's custodian, i.e., the warden of the facility where he is incarcerated" (**Docket No. 13**).

Under 28 U.S.C. § 2241, a court has jurisdiction over such habeas corpus petition if the court has jurisdiction over the custodian of the petitioner.

---

[2]  Exhibit I under **Docket Entry No. 18** reflects that petitioner arrived at FCI-Butner, North Carolina, on November 15, 1999.  It is being assumed that the seventeen (17) days elapsed between October 28, 1999 (alleged date of transfer) and November 15, 1999 (arrival at FCI-Butner) are to be attributed to "travel or transfer time."

Consistently, it has been determined that "such a habeas corpus proceeding is properly brought before the district court with jurisdiction over a prisoner or his custodian." *Thompson v. United States,* 536 F.2d 459, 460-61 (1st Cir. 1976). Respondent states that Maldonado "is currently incarcerated at the Federal Correctional Institution, Butner, North Carolina, and was incarcerated there at the time he filed his petition for writ of habeas corpus" (**Docket No. 13**, p. 1). Respondent goes on to state that "[p]etitioner has been incarcerated at TCFI Butner since February 25, 2000; he filed the habeas corpus memorandum on June 26, 2000." *Id.* Maldonado replies that this Court has jurisdiction as he was incarcerated in this district at the time he filed his petition for writ of habeas corpus.

The record establishes, as previously stated, that Maldonado filed his petition for writ of habeas corpus on May 27, 1997 (**Docket No. 1**). The petition clearly states that at the time Maldonado was housed at MDC-Guaynabo. Subsequent documents filed by Maldonado indicate that he remained housed at MDC-Guaynabo until he was transferred to FCI-Butner on either October 18, 1999 or November 15, 1999. (*See* **Docket No. 18**.) Upon his transfer Maldonado notified the Clerk's Office of his new address (**Docket No. 10**). Thus, respondent is simply incorrect in asserting that Maldonado was incarcerated at FCI-Butner at the time his habeas corpus petition was "filed." He was not. Maldonado was then housed at MDC-Guaynabo. By the time of the filing of Maldonado's memorandum in support of his petition for writ of habeas corpus, however, he was no longer housed at MDC-Guaynabo.

Nonetheless, Maldonado's transfer from MDC-Guaynabo does not deprive this court of jurisdiction. Habeas jurisdiction is determined when the petition is filed and continues to lie in the District in which the prisoner was incarcerated at the time of the filing of the habeas petition. *See Ex parte Endo*, 323 U.S. 283, 305-06 (1944); *Barden v. Keohane*, 921 F.2d 476, 477 n.1 (3d Cir. 1990); *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C.Cir. 1988); *McCoy v. United States Board of Parole*, 537 F.2d 962, 966 (8th Cir. 1976); *Ross v. Mebane*, 536 F.2d 1199, 1201 (7th Cir. 1976). Additionally, jurisdiction is not destroyed by a transfer of a petitioner and the accompanying custodial change. *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). (District Court in Central District of California maintained jurisdiction when prior to rendering judgment petitioner was transferred to Leavenworth, Kansas. *Francis v. Rison*, 894 F.2d 353 (9th Cir. 1990)); (District Court in District of New Mexico did not lose jurisdiction when prior to rendering judgment, the petitioner was transferred to Oklahoma. *Santillanes v. United States Parole Comm'n*, 754 F.2d 887 (10th Cir. 1985)); (District Court in Eastern District of Virginia had jurisdiction over habeas petition filed by petitioner and jurisdiction was not defeated by petitioner's subsequent transfer to federal institution in Ashland, Kentucky. *Sweat v. White*, No. 87-6080, 1987 WL 44445 (4th Cir. Sept. 23, 1987)).

The District of Puerto Rico had jurisdiction over Maldonado's habeas petition at the time it was filed and continues to maintain jurisdiction over this matter. Jurisdiction is not defeated by Maldonado's transfer to TCFI-Bunter as same

occurred subsequent to the filing of his petition for writ of habeas corpus. Accordingly, the undersigned **RECOMMENDS** that the Motion to Dismiss (**Docket No. 13**) on the basis of lack of jurisdiction be **DENIED**.

### B. Commission Guidelines

Judicial review of a Parole Commission's decision is narrow. The case law clearly establishes that the standard of review is whether the decision by the Parole Commission is arbitrary and capricious or an abuse of discretion.[3] *Núñez-Guardado v. Hadden*, 722 F.2d 618, 620 (10th Cir. 1983). Therefore, the relief a court can grant is limited. "The only remedy which the court can give is to order the Board to correct the abuses or wrongful conduct within a fixed period of time, after which, in the case of non-compliance, the court can grant the writ of habeas corpus and order the prisoner discharged from custody." *Bridge v. United States Parole Comm'n*, 981 F.2d 97, 105 (3d Cir. 1992), *quoting Billiteri v. United States Board of Parole*, 541 F.2d 938, 944 (2d Cir. 1976).

Maldonado argues that the Commission's failure to set an earlier release date is contrary to law in that the Parole Commission ignored its own regulations and failed to apply to Maldonado's case particular sections which would grant him credits lowering his presumptive release date.

---

[3] In an unpublished opinion reviewing a decision by the Parole Commission the First Circuit applied the following test: whether the decision was irrational, arbitrary or capricious. *Moreno-Morales v. U. S. Parole Comm'n*, No. 96-2358, 1998 WL 124718 (1st Cir. Jan. 20, 1998).

Specifically, Maldonado contends that after his conviction and sentence he has provided substantial assistance to the government in the prosecution and conviction of several other offenders (**Docket No. 8**).  Through a letter submitted by Guillermo Gil, United States Attorney, on July 10, 2000, the Parole Commission was assured that Maldonado has provided substantial and truthful cooperation to state and federal law enforcement agencies, has testified during trials and facilitated the conviction of approximately twelve (12) defendants (**Docket No. 11**).  Purportedly, he has never received time credit for said actions.  More so, petitioner asserts he provided significant cooperation to the Bureau of Prisons.  Throughout this cooperation, the Bureau of Prisons was able to abort a planned escape from the institution and to preclude the potential physical harm that could have been inflicted on penal officers.  It appears that Maldonado has not received time credits for this (**Docket No. 18**).

Respondent argues that any determination whether to advance a presumptive parole date is entirely within the discretion of the U.S. Parole Commission and that Maldonado's claims to the contrary, are meritless.  Respondent further asserts that the remedy Maldonado requests is one that the court cannot grant.

In order to properly assess whether the Parole Commission's decision was reasonable or arbitrary, we must examine its findings and conclusions.

The Notice of Action issued by the Parole Commission which is dated February 5, 1997, states as follows:

Your offense behavior has been rated as Category Eight severity because it involved racketeering, extortion and murder. Your salient factor score (SFS-95) is 10. You have been in federal confinement as a result of your behavior for a total of 163 months as of 1/13/97. Guidelines established by the Commission indicate a range of 100 + months to be served before release for cases with good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision more than 48 months above the minimum guidelines is warranted because of the ongoing criminal involvement for more than 10 years (1973 to 1986), in which you were a police officer involved in corruption and the commission of multiple criminal acts including involvement in extortion, kidnaping and murder.  There were multiple murders committed on behalf of this conspiracy and you are identified as one of the most culpable individual offenders.[4]

**Docket No. 8**, Ex. 4.[5]

In affirming the Parole Commission's decision, the National Appeals Board stated:

The specific mitigating circumstances you propose as a reason for a more lenient decision have been considered but are not seen as reason for reduction in the decision in your case.

**Docket No. 8**, Ex. 1.

---

[4] The Notice of Action reflects that petitioner was scheduled for a statutory interim hearing during January 1999. However, there is no evidence on record regarding such hearing or findings that the Parole Commission may have issued.

[5] Parole determinations are based upon two factors: offense category and salient factor score. 28 C.F.R. § 2.20. The offense category rates the severity of the inmate's offense. The salient factor score rates the inmate's parole prognosis based on such factors as criminal record and age. Id. There are eight offense categories. As to category eight offenses, there is no upper limit from which the Commission may depart for good cause because of the "extreme variability of the cases within the category. See 18 U.S.C. § 4206(c); 28 C.F.R. § 2.20 n.1. Maldonado's salient factor of ten is the most favorable rating.

### 1. Title 28 C.F.R. 2.13(a)(2)(ii)

Maldonado first asserts that under 28 C.F.R. 2.14(a)(2) the Commission failed to apply its own guidelines when it did not allow an earlier presumptive release date based on his superior program achievement and exemplary conduct during his incarceration.

Initially, the undersigned notes that Maldonado misconstrues 28 C.F.R. 2.14 (a)(2)(ii) by implying that the section requires mandatory application of "superior program achievement" to reduce a presumptive release date.  The guideline at issue states

> Following an interim hearing, the Commission, may (ii) Advance a presumptive release date or the date of a fifteen year reconsideration hearing.  However, it shall be the policy of the Commission that once set, a presumptive release date or the date of a fifteen year reconsideration hearing shall be advanced only: (1) For superior program achievement under the provisions of §2.60; or (2) For other clearly exceptional circumstances.

28 C.F.R. 2.14 (a)(2)(ii).

This guideline applies to interim hearings to consider significant changes or developments in a prisoner's status and limits advancing presumptive parole dates except under exceptional circumstances.  Thus, based on statutory language and contrary to Maldonado's assertion, allowance of a time reduction based on superior program achievement is not mandatory.

### 2. Title 28 C.F.R. § 2.60 and  28 C.F.R. § 2.63

Title 28 C.F.R. § 2.60 provides that prisoners who demonstrate superior program achievement (in addition to a good conduct record) may be considered for a limited advancement of the presumptive date previously set based on a time credit schedule specified under the regulations. Thus, . . . [u]pon a finding of superior program achievement, a previously set presumptive date may be advanced. 28 C.F.R. § 2.60. The initial Progress Report for Maldonado indicates that during his incarceration he has never received a work evaluation under the "exceeds" rating, he has participated in various educational and vocational programs and has demonstrated exemplary conduct while housed in the Federal Prison System. Maldonado contends that his "superior achievement program and good conduct record" is clearly established by his institutional record and as such the Parole Commission's failure to grant an earlier presumptive release date is capricious and constitutes an abuse of discretion.

Because § 2.60 uses permissive rather than mandatory language, courts have held that the Commission need not award any advancement even if the criteria of the regulation are met. *Otsuki v. United States Parole Comm'n*, 777 F.2d 585 (10th Cir. 1985); *Kele v. Carlson*, 877 F.2d 775 (9th Cir. 1989); *Briggs v. United States Parole Comm'n*, 611 F.Supp. 306 (N.D.Ill.1984) *aff'd sub. nom.*, *Briggs v. Luther*, 753 F.2d 1077 (7th Cir. 1985).   Indeed, the regulations state that the Commission "may consider" a prisoner's superior program achievement, therefore, the act of

consideration itself is optional.  *United States v. Friedland*, 879 F.Supp. 420, 432 n.

7 (D.N.J. 1995).  Accordingly, the Parole Commission is not required to award a

reduction in sentence even if Maldonado meets the criteria for "superior program

achievement."

Title 28 C.F.R. § 2.63 provides that the Commission may consider as a factor

in the parole release decision making a prisoner's assistance to law enforcement

authorities in the prosecution of other offenders. . . . If the assistance meets the

above criteria, the commission may consider providing a reduction of up to one year

from the presumptive parole date that the Commission would have been warranted

had such assistance not occurred.  Maldonado argues he meets the criteria of § 2.63

as he provided substantial assistance to the authorities in the prosecution of other

offenders and provided information critical to prison security which has not been

adequately rewarded by other official action.[6]

Inasmuch as the language of § 2.63, like that of § 2.60, is permissive rather the

mandatory, the undersigned believes the same reasoning applies as set forth herein

above.  The Parole Commission in its Notice of Action stated it had reviewed "all

relevant factors and information presented."  Hence, once again the Parole

---

[6] Maldonado provided to the Court correspondence from the prosecutor which charged and obtained
his conviction which urges the Parole Commission to grant parole to Maldonado. The letter, however, is dated
July 10, 2000, while the Notice of Action of the Parole Commission and the appeal affirming the Parole
Commission's decision both occurred in the Spring of 1997.  Based on the date of the letter, said
correspondence was not presented to the Parole Commission at the time it made its decision and while
supportive of Maldonado's actions, is not relevant to this petition for writ of habeas corpus.

Commission is not required to award a reduction in sentence even if Maldonado

provided substantial assistance to law enforcement authorities and/or Bureau of

Prisons.

Contrary to Maldonado's contention, the Parole Commission did consider his

superior program achievement as well as his cooperation as evidenced by the

Appeals Board statement that said circumstances "have been considered but are

not seen as a reason for reduction." He argues that the use of the words "not seen

as a reason for reduction" are contrary to the rules that the Parole Commission must

follow and that superior program achievement and assistance are "reasons" for a

reduction in his presumptive release date. Maldonado misconstrues the decision of

Appeals Board. Mitigating circumstances were considered but as a whole

apparently did not convince the Parole Commission that a reduction was

appropriate or that the events were of exceptional nature. Contrary to Maldonado's

contention, the Parole Commission did not fail to apply their own guidelines.

Guidelines were applied, but not to the liking of Maldonado.

Furthermore, the Parole Commission is entitled to conclude that the severity

of Maldonado's offenses outweigh any claim to the benefits under § 2.60 and § 2.63.

*See Kele v. Carlson*, 877 F.2d 775, 776 (9th Cir. 1989). The administrative history of

the regulations demonstrates that the Commission intended "the traditional factors

of severity of the crime and the inmate's prior record [t]o remain paramount in the

deliberates of the Commission". *See Otsuki v. United States Parole Comm'n*, 777

F.2d 585, 587(10th Cir. 1985). The Notice of Action evidences that the severity of the crime and petitioner's role in the commission of the offense charged is precisely what was considered in Maldonado's case. The Parole Commission took great care to advise Maldonado that a decision above the minimum guidelines was warranted based upon the crimes he committed (i.e., the ongoing criminal involvement for more than ten years, wherein Maldonado was a policy officer involved in corruption and the commission of multiple criminal acts including extortion, kidnapping and murder). Finally, even if it were determined that the Parole Commission had not followed its regulations as claimed by Maldonado, the court is unable to order the type of relief he seeks - a reduction in his presumptive release date. Based on the foregoing analysis, the undersigned concludes that the decision of the Parole Commission was not arbitrary, irrational, capricious nor does it constitute an abuse of discretion.

IT IS THEREFORE RECOMMENDED, that the Respondent's Motion to Dismiss as to the merits (**Docket No. 17**) be **GRANTED** and that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Alejo Maldonado-Medina be **DISMISSED**, without prejudice.[7]

---

[7] Dismissal without prejudice is recommended inasmuch as the record reflects a statutory interim hearing was set to be held during January 1999. Unfortunately, the record does not indicate if said hearing was held and, if so, what the Parole Commission what information the Parole Commission considered. Nor does the record reflect if at said interim hearing the Parole Commission was aware of United States Attorney Guillermo Gil's position urging the granting of parole.

Civil No. 97-1841(DRD)                                                          Page No. 16

## III.    CONCLUSION

For the aforestated reasons, it is recommended that the respondents' Motion to Dismiss (**Docket No. 17**) be  **GRANTED** in **part** and **DENIED** in **part** and that Maldonado's Petition for Writ of Habeas Corpus Under 28 U.S.C. Section 2241 (**Docket No. 1**) be **DISMISSED**, without prejudice.

In accordance with Rule 510.2(A), Local Rules, District of Puerto Rico, any objections that petitioner or respondent may have to this Report and Recommendation must be filed with the Clerk of this Court **within five (5) days** of receipt of this notice.  **No extensions of time will be allowed**.  Failure to file objections within the specified time waives the right to review by the District Court, and waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986); *Borden v. Secretary of Health and Human Services*, 836 F.2d 4, 6 (1st Cir. 1987) (*per curiam*).  The objections must be in writing and "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Rule 510.2, Local Rules, District of Puerto Rico.

**IT IS SO RECOMMENDED**.

At San Juan, Puerto Rico, on this 19th day of March, 2001.

**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**