UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ALEJO MALDONADO MEDINA,
Petitioner,

v.                                        CASE NUMBER: 97-1841 (DRD)

J.A. GARCIA, Warden,
Respondent.

### OPINION AND ORDER

Pending before the Court is respondent's Motion to Dismiss, filed on July 31, 2000. (Docket No. 13). Petitioner Alejo Maldonado Medina ("Maldonado Medina"), filed a Writ of Habeas Corpus under 28 U.S.C. § 2241, on May 27, 1997. (Docket No. 1). Maldonado Medina was a police officer placed in a position of trust by his superior rank. He was nevertheless, convicted for nefarious conduct involving "corruption and the commission of multiple criminal acts including involvement in extortion, kidnaping and murder." (Docket No. 8, Exh. 4). Via petition for Writ of Habeas Corpus, Maldonado Medina requests the Court to order the Parole Commission to grant petitioner an earlier release date from current imprisonment. (Docket No. 1). Respondent filed a Motion to Dismiss seeking the petition be dismissed based on this Court's alleged lack of jurisdiction and the lack of merit of petitioner's claims. (Docket No. 13 and 17).

The Court, on October 16, 2000, referred this case to U.S. Magistrate Judge Aida Delgado for a Report and Recommendation on the pending dispositive motions. (Docket No. 19). Magistrate Judge Aida Delgado issued her Magistrate's Report and Recommendation ("MRR") on March 19, 2001. (Docket No. 20). In the MRR the Magistrate Judge recommends the Court to **grant in part** and **deny in part** respondent's Motion to Dismiss and to **dismiss** Maldonado's Petition for Writ of

Habeas Corpus Under 28 U.S.C. § 2241 **without prejudice**.[1] Petitioner filed an opposition to the MRR on March 27, 2001. (Docket No. 22). For the following reasons, petitioner's Appeal of Magistrate's Report and Recommendation is **DENIED**.

The MRR correctly and clearly points out that any objections to the MRR must be filed with the Clerk of Court "within ten (10) days afer being served with a copy thereof." Local Rule 510.2; see Local Rule 510.2(A); see also 28 U.S.C. § 636(b)(1). Further, the "written objections [] shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the legal basis for such objections." Local Rule 510.2. "Failure to file objections within the specified time waives the right to appeal the District Court's order." Local Rule 510.2(A); see United States v. Mitchell, 85 F.3d 800, 803 (1st Cir. 1996); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986). "Absent objection by the plaintiffs, the district court had a right to assume that plaintiffs agreed to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir.), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "[f]ailure to raise objections to the Report and Recommendation waives that party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992). See also Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993) (stating that "[objection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S., 848 F.2d 271, 275 (1st Cir.

---

[1] The Magistrate Judge denied in part defendant's Motion to Dismiss as to the allegation that respondent's petition should be dismissed because the Court lacked jurisdiction to entertain his claim that allegedly because petitioner is not under custody in this jurisdiction. (Docket No. 20)

1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a de novo review, "however he was not entitled to a de novo review of an argument never raised"). See generally United States v. Valencia, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

Petitioner states in his opposition that the Magistrate Judge erred based on the following grounds: 1) not considering the letter sent by U.S. Attorney Gillermo Gil regarding the substantial assistance provided by petitioner to law enforcement authorities; 2) determining that the Court could not interfere with the Commission's discretion to award earlier release date "regardless of how meritorious Petitioner's claim was;" 3) affirming the Parole Commission's decision, notwithstanding, evidence showing that petitioner had demonstrated "Superior Work Achievement" while incarcerated; 4) not considering the fact that although defendant was accused committing various murders, he has already "extinguished these particular sentences for which a 20 year term of imprisonment was imposed;" and 5) disregarding "the superior rehabilitative efforts that he has made." (Docket No. 22). The Court will now address petitioner's contentions.

After a careful reading of petitioner's motion for appeal and the MRR, the Court finds that petitioner's allegations conveniently accommodate the statements made by the Magistrate Judge in order to further this appeal. First, it is clear that the Magistrate Judge did not "explicitly" ignore the letter issued by U.S. Attorney Guillermo Gil. (Docket No. 22). In fact, the issue of the relevancy of attorney Gil's letter in this case is generally addressed in the MRR discussion, as well as specifically in footnote number 6. The MRR correctly states that

> "Maldonado provided to the Court correspondence from the prosecutor which charged and obtained his conviction which urges the Parole Commission to grant parole to Maldonado. The letter, however, is dated July 10, 2000, while the Notice of Action of

Page 3

> Parole Commission and the appeal affirming the Parole Commission's decision both occurred in the Spring of 1997. Based on the date of the letter, said correspondence was not presented to the Parole Commission at the time it made its decision and while supportive of Maldonado's actions, is not relevant to this petition for writ of habeas corpus."

Docket No. 20. Furthermore, the Court fully agrees with the finding of the Magistrate, that the letter issued by U.S. Attorney Gil is irrelevant to the present case, because the letter (based on the date of issue) was never presented and/or considered by the Parole Commission.[2]

Second, the MRR does not state that the <u>only</u> reason the Court cannot interfere with parole dates is based on the fact that they are solely within the discretion of the U.S. Parole Commission. The MRR is clear in stating that the reason that petitioner's request cannot be granted by the Court is that petitioner's claims lack merit, based on a careful reading, interpretation and application of facts to relevant statutes. Moreover, the Court reminds petitioner that the judicial review of a Parole Commission's decision is limited in scope. <u>Núñez-Guardado v. Hadden</u>, 722 F.2d 618, 620 (10th Cir. 1983). The standard of review of a final decision of the Parole Commission is limited to correcting arbitrary and capricious actions, as well as reversing abuse of discretion. <u>Id.</u>

The First Circuit has held in the employment discrimination context that "[c]ourts may not sit as super personnel departments, assessing the merits or even the rationality of employers' non discriminatory decisions," <u>Mesnick v. General Electric Co.</u>, 950 F.2d 816, 825 (1st Cir. 1991), and that "the court's role is 'not to second-guess the business decisions of an employer, imposing the court's subjective judgments of which person would best fulfill the responsibilities of a certain job," <u>Rossy v. Roche Products</u>, 880 F.2d 621, 625 (1st Cir. 1989). See <u>Furnco Constr. Corp. v. Waters</u>,

---

[2] As stated in the MRR, the Parole Commission's decision denying petitioner early release from incarceration and petitioner's subsequent appeal to the Commission took place in the year 1997. However, the letter sent by U.S. Attorney Gil was issued on July 10, 2000. (Docket No. 20).

Page 4

438 U.S. 567, 578, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978); <u>Mejias Miranda v. BBII Acquisition Corp.</u>, 120 F.Supp.2d 157, 166-67 (D.P.R. 2000); <u>Maldonado-Maldonado v. Pantasia Mfg. Co.</u>, 983 F.Supp. 58, 65 (D.P.R. 1997). Similarly, in the context of the Parole Commission's decisions, the Court cannot act as a super Parole Commission and/or second guess its determinations outside the standards already mentioned. <u>See</u> <u>Núñez-Guardado</u>, 722 F.2d at 620 (holding that the standard of review of Parole Commission decisions is limited to a finding of arbitrary and capricious actions, and of abuse of discretion). Congress has clearly delegated the function of assessing the permissibility of an inmate's early release date to the Parole Commission, and therefore, the Court can only review the decision under an abuse of discretion standard or for arbitrary and capricious actions. <u>See id.</u> Moreover, the Court, after careful review of the record agrees on <u>all points</u> with the MRR, in that the decision made by the Parole Commission was not arbitrary, irrational, capricious or one constituting an abuse of discretion.

Third, petitioner's allegations that the Magistrate judge erred in not ordering plaintiff's early release, and in not considering evidence on the record showing that petitioner had demonstrated "Superior Work Achievement" and "the superior rehabilitative efforts he has made" are meritless. Pursuant to 28 C.F.R. § 2.60 a person who demonstrates superior program achievement (in addition to good conduct) **may** be considered for a limited advancement of the date of parole. Therefore, the language is clearly permissive and not mandatory. Accordingly, the Parole Commission is not obligated to grant an advancement on date of parole to an inmate who allegedly meets the stated standards.

Finally, petitioner avers that the Magistrate did not consider the fact that, although defendant was accused of committing various murders, he has already "extinguished these particular sentences."

(Docket No. 22). This issue was never presented to the Magistrate Judge. The district judge, as an appellate source cannot consider this argument in first instance. As the First Circuit stated in Paterson-Leitch v. Massachusetts Elec., 840 F.2d 985, 990 (1st Cir. 1988),

> "A party has a duty to put its best foot forward before the magistrate: to spell out its arguments squarely and distinctly. One should not be allowed to defeat the system by seeding the record with mysterious references to unpled claims, hoping to set the state for an ambush should the ensuing ruling fail to suit. Given plaintiff's obfuscation, the district court's finding that the theory was not adequately placed in issue before the magistrate was eminently supportable."

Further, "'[t]he purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work.' It would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate." Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987). Therefore, the Court may not consider this issue. Notwithstanding, even if the Court considered said argument, it is a factor for the Parole Commission to consider and evaluate in first instance, and not for this Court.

The Court has carefully reviewed the Report and Recommendation of Magistrate Judge Aida Delgado and reaches the same conclusion as did the Magistrate Judge in her Report and Recommendation. Therefore, the Court affirms *in toto* the Report and Recommendation of the Magistrate Judge. (See Docket No. 20). Wherefore, the Magistrate's Report and Recommendation is **ADOPTED** *in toto* and respondent's Motion to Dismiss is **GRANTED in part** and **DENIED in part**. The Court hereby **DISMISSES** this case **WITHOUT PREJUDICE**, enabling the defendant to return to the Parole Commission submitting the letter of recommendation of U.S. Attorney

Guillermo Gil and the argument that he has "extinguished" some of his sentences. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

Date: March 30, 2001.

DANIEL R. DOMINGUEZ
U.S. District Judge

AO 72
(Rev 8/82)